UNITED STATES DISTRICT COURT

EASTERN DISTRICT FOR LOUISIANA

NEW ORLEANS DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 JUL 21 PM 4:01
LORETTA G. WHYTE
CLERK

JEROME BRYANT NO. 05-3077

VERSUS SECTION: SECT. C

NORTH BANK TOWING CORPORATION MAGISTRATE: MAG.5

*************************************************************************

COMPLAINT UNDER THE JONES ACT AND MARITIME LAW

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT THE EASTERN DISTRICT OF LOUISIANA, NEW ORLEANS DIVISION:

NOW COMES JEROME BRYANT, a full age resident of the City of New Iberia, State of Louisiana, plaintiff herein, complaining of defendant, NORTH BANK TOWING CORPORATION, defendant, who would respectfully show unto this Honorable Court the following:

1.

Plaintiff, JEROME BRYANT is a full age resident of the City of New Iberia, State of Louisiana residing therein at 717 Myrtis Street, New Iberia, Louisiana; defendant, NORTH BANK TOWING CORPORATION is a domestic corporation organized to do and doing business in this parish and state and, at all pertinent times hereto was the owner and operator of the M/V Miss Patricia, a tug boat operating in the inland gulf waters in the State of Louisiana.

2.

This is a case of admiralty and maritime jurisdiction brought pursuant to the Jones Act, 46 USC 688 and General Maritime Law as hereinafter more fully appears.

Fee Seaman
X Process pltf(1)sm
X Dktd
CtRmDep
Doc. No.

3.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States in that defendant does business in the State of Louisiana and is amenable to process here.

5.

Plaintiff is an American seaman.

6.

At all pertinent times hereto defendant, NORTH BANK TOWING CORPORATION was the owner and operator of the M/V Miss Patricia, a tug boat on which plaintiff was employed as a deckhand on or about July 13, 2005.

7.

At all pertinent times hereto plaintiff was aboard the M/V Miss Patricia as an employee of NORTH BANK TOWING COMPANY and was acting within the course and scope of his employment and in the service of the vessel as a deckhand when this accident occurred on or about July 13, 2005

8.

On or about July 13, 2005 as plaintiff was performing his regular duties as a deckhand and while in the service of the vessel, he sustained severe and disabling injuries to his head, low back and neck when he slipped and fell on oil from a leaking engine which was located above the vessel's deck; the area of the deck where plaintiff slipped was aluminum plated and slippery and did not have a non-skid surface.

9.

Plaintiff alleges that the sole and proximate cause of this accident was the negligence of one or more of the employees and/or agents of defendant herein, NORTH BANK TOWING

CORPORATION in the following respects:

a) Failing to have their machinery in good repair and prevent their engines from leaking;

b) Failing to have non-skid located on the surface deck of their vessel where plaintiff fell;

c) Failing to warn your petitioner of a dangerous condition to wit, oil on the deck, which had not been subjected to proper cleanup and maintenance procedures;

d) Operating an unseaworthy vessel.

10.

Because of the aforementioned accident and as a direct and proximate cause thereof, your petitioner sustained an acute severe injury to his low back; a cerebral concussion; occipital headaches, cervical strain; and contusions of the body.

11.

Your petitioner itemizes his damages as follows:

Past , present and future medical expenses - $100,000;

Past, present and future lost wages - $300,000

Pain and suffering - $500,000

Permanent residual disability - $300,000

Emotional stress and strain - $300,000

TOTAL - $1,500,000

12.

As a result of the aforementioned injuries the plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future in, at all reasonable probability

his earning capacity has been impaired permanently; additionally, plaintiff has incurred reasonable and necessary medical expenses in the past and in reasonable probability will incur medical expenses in the future; as a result, NORTH BANK TOWING CORPORATION, defendant herein, had and continues to have a non-deligable duty to provide the plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that the defendant's duties continue. Said defendant has denied payment and/or has unreasonably delayed payment of maintenance and cure. As a result of said defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, plaintiff has suffered further injuries and damages for which he now sues. Plaintiff would show that the defendant's failure to provide the benefits of maintenance and cure was not only unreasonable but was arbitrary, capricious, willful, careless and persistent and that, as a result thereof, plaintiff is entitled to an award of damages for aggravation of his condition caused by defendant's failure, attorneys fees and punitive damages for which he now sues in addition to all other relief sought.

WHEREFORE, premises considered, plaintiff prays for judgment against defendant, NORTH BANK TOWING COMPANY in the full sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000) for all costs of court, for maintenance and cure, for attorneys fees, for punitive damages, for all such other and further relief as in law and in equity to which he may be justly entitled, to legal interest thereon from date of accident until paid and for

all costs of these proceedings.

Respectfully submitted,

DARLEEN M. JACOBS (#7208)
*A Professional Law Corporation*
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Counsel for Plaintiff, JEROME BRYANT

PLEASE SERVE:

NORTH BANK TOWING CORPORATION
Through its agent for service of process:
William B. Masters
201 St. Charles Avenue
51st Floor
New Orleans, LA 70170

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

05-3077

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jerome Bryant

**(b)** County of Residence of First Listed Plaintiff New Iberia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Darleen M. Jacobs
Jacobs & Sarrat
823 St. Louis St.
New Orleans, LA 70112
(504) 522-0155

## DEFENDANTS
North Bank Towing Corporation

County of Residence of First Listed Defendant Louisiana
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

SECT. C MAG.5

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S.Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,500,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: July 21, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______