**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**JEROME BRYANT**                                        **CIVIL ACTION**

**VERSUS**                                               **NO. 05-3077**

**NORTH BANK TOWING CORPORATION**                        **SECTION: "C"**

<u>**ORDER AND REASONS**</u>

Before this Court are various Motions in Limine.  First, is a Motion in Limine filed by Defendant, North Bank Towing Corporation ("North Bank") to exclude photographs of the engine room of the M/V MISS PATRICIA in which a mat or rug is shown at the base of the stairs. Next, is Jerome Bryant's ("Bryant" or "Plaintiff") Motion in Limine to exclude interrogatory number 12 and his response thereto.  Finally, there is a Motion in Limine to exclude Plaintiff's prior employment records filed by Bryant.  Additionally, before this Court is a Motion to Strike Ex Parte Deposition Testimony of Dr. John Cobb and for Protective Order filed by North Bank.  The motions are before the court on the briefs, without oral argument. Having considered the memoranda of counsel, the arguments and the applicable law, the Court finds that Motions in Limine and the Motion to Strike are resolved as follows.

**I. BACKGROUND**

On July 13, 2005, Bryant was employed by Odyssea Marine Group, LLC ("Odyssea Marine") on board the M/V MISS PATRICIA, when he allegedly slipped and fell.  Bryant claims that this fall occurred on the engine room deck when he stepped in an oily substance that had leaked from the winch motor and thus rendered the vessel unseaworthy.

North Bank Towing Corp., Odyssea Vessels, Inc. and Odyssea Marine Group, LLC (collectively, "Defendants") claim that Bryant was warned of the condition and ignored those warnings.  Plaintiff, on the other hand, claims that the areas should have been roped off or otherwise secured so as to prevent vessel personnel from entering the area.   Plaintiff also claims that Defendants should have taken some action to remedy the situation, such as placing a drip pan under the winch motor.

Plaintiff brought this action against Defendants for negligence and unseaworthiness of the M/V MISS PATRICIA under the Jones Act and general maritime law. Darleen M. Jacobs and Stern, Miller & Higdon entered as intervenors to recover legal fees that Bryant allegedly owes them.  Plaintiff wishes to introduce photographs of the M/V MISS PATRICIA's engine room in which a mat or rug is shown at the base of the stairs at the jury trial in this matter.  These photographs were take one year after the accident allegedly occurred.   North Bank filed a Motion in Limine to exclude those photographs.  Also, Plaintiff has filed two Motions in Limine. First, Plaintiff moves this Court to exclude interrogatory number 12 and his response thereto. Furthermore, Plaintiff requests that his prior employment records be excluded.  Additionally, North Bank has filed a Motion to Strike the ex parte deposition testimony of Dr. Cobb.

## II. ANALYSIS

### 1. NORTH BANK'S MOTION IN LIMINE REGARDING PHOTOGRAPHS

North Bank seeks to exclude photographs of the M/V MISS PATRICIA's engine room which show a mat or rug at the base of the stairs where Bryant's injury allegedly occurred. According to North Bank, these pictures were taken a year after the accident allegedly occurred and there is no evidence that there was a mat or rug was in place at the time of the accident. North Bank contends that the photographs do not depict the location of the accident at the time that it happened.  Thus, North Bank argues that these photographs should be excluded under Federal Rule of Evidence 403 because they will mislead and confuse the jury in its resolution of the issues presented at trial.

Bryant, on the other hand, argues that these photographs are admissible.  Specifically, he asserts that the photographs were taken on a scheduled vessel inspection by his representative in the presence of Defendants' representatives.  Bryant claims that neither he nor his representatives placed the mat at the bottom of the stairs, but rather, those in charge of the vessel on the date of the inspection put it there.  Furthermore, he argues that the photographs depict the area in which the accident occurred and that the repairs shown in the photographs, such as the mat and new hoses, were undertaken to remedy the situation that cause his accident. As a result, Bryant argues that the photographs are admissible under Federal Rule of Evidence 403 because any confusion can be remedied by cross-examination regarding whether or not the mat was in place at the time of the alleged accident.

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation

of cumulative evidence."  The Fifth Circuit has upheld the district court's decision to exclude

photographs taken after the time of the accident.  See, *King v. Ford Motor Co.*, 597 F.2d 436 (5th

Cir. 1979).  In *King*, an assembly line worker sued the car manufacturer for injuries he sustained

when the chassis motor began operating and the chassis lurched to the rear and struck him.  *Id.* at

439.  The plaintiff offered photographs of the chassis, which were taken after it had been

manufactured into a panel truck, to show the jury how various parts of it appeared.  The district

court found that the photographs might confuse or mislead the jury because they did not depict

the chassis as it existed at the time of the accident.  *Id.* at 445.  The Fifth Circuit then upheld the

district court's exclusion of the photographs because it was not an "abuse of its broad discretion

under [R]ule 403." *Id.*

      Here, North Bank argues that the photographs in questions would confuse the issues

and/or mislead the jury.  The Court agrees.  The photographs depict the scene of the accident

more than a year after it occurred and show a substantial change to the area, the addition of a

mat.  Furthermore, the Court notes that under Federal Rule of Evidence 407,

"evidence of subsequent [remedial] measures is not admissible to prove negligence, culpable

conduct, a defect in a product, a defect in a product's design, or a need for a warning or

instruction."  Thus, Bryant would not be able to introduce these pictures for any of these

purposes.[1]   Therefore, the Court finds that the photographs offered by Bryant, which show a mat

---

[1] The Court recognizes that Federal Rule of Evidence 403 allows evidence of subsequent remedial measures to be admissible for the limited purposes of proving ownership, control or feasibility of precautionary measures, if controverted, or impeachment.  However, it appears from Bryant's response to North Bank's Motion in Limine, which states, "repairs were undertaken to remedy the situation" that the photos are not offered for the acceptable purposes.

at the bottom of the stairs, are inadmissible.

## 2. BRYANT'S MOTION IN LIMINE TO EXCLUDE INTERROGATORY NUMBER 12 AND HIS RESPONSE THERETO

Bryant filed a Motion in Limine to exclude interrogatory number 12 and his response thereto.  This interrogatory asks whether Bryant had ever been arrested for any criminal offense.  Bryant answered affirmatively and provided the requested information regarding the offenses and their judicial dispositions.  According to his own response, Bryant has been arrested for second degree battery, driving while under the influence, simple battery and driving under suspension. None of these arrests resulted in jail time.  Bryant contends that this evidence is irrelevant to the slip and fall case at bar, even for the purpose of assessing his credibility.

North Bank argues that it intends to use interrogatory number 12 and Bryant's response thereto for impeachment purposes.  North Bank claims that it did an independent investigation of Bryant's criminal record and discovered five additional arrests which Bryant did not mention in response to interrogatory number 12.  North Bank contends that it intends to use interrogatory number 12 and Bryant's response thereto as impeachment evidence at trial, anticipating that Bryant will not admit that he intentionally failed to admit his other arrests.  Accordingly, North Bank argues that this goes to Bryant's credibility, which is central to the case.

Under Federal Rule of Evidence 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

---

See, Memorandum in Opposition to Motion in Limine, pg. 3.

FED. R. EVID. 404(b).  Furthermore, all evidentiary decision are governed by Federal Rule of Evidence 403 with provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

Here, Bryant seeks to exclude evidence of his criminal record.  Under Rule 404(b) this evidence is not admissible to prove his character or show action in conformity therewith.  North Bank has not shown that it seeks to introduce this evidence for one of the permissible purposes outlined in Rule 404(b).  Therefore, the evidence is not admissible to show Bryant's character or conformity therewith.

However, North Bank asserts that it intends to use interrogatory number 12 and Bryant's response thereto as impeachment evidence.  North Bank claims it intends to use this evidence show Bryant's alleged propensity to falsify the truth.  Defendant' interrogatory number 12, while asking for arrests, also asked for disposition of the charges.  Bryant appeared to disclose all arrests that let to actual convictions.  The undisclosed arrests apparently did not result in convictions.  There are other explanations for his failure to disclose the arrests besides deliberate falsehoods.  For example, he could have understood the interrogatory to be addressing arrests that let to conviction.

This is a simple slip and fall case.  To open up the plaintiff's criminal history to speculate as to why he failed to disclose various arrests will be unduly prejudicial, confusing and a waste of time.  Thus, interrogatory number 12 and Bryant's responses thereto are inadmissable.

### 3. BRYANT'S MOTION IN LIMINE TO EXCLUDE HIS PRIOR EMPLOYMENT RECORD

Bryant filed a Motion in Limine to exclude his prior employment record from evidence. The records at issue are from Bryant's former employers, Acadian Contractors, Inc. ("Acadian"),

Omega Natchiq, Inc. ("Omega") and American Pollution Control, Inc. ("APC").  Bryant argues that the records should be excluded under Federal Rule of Evidence 802 because they are hearsay and contain hearsay evidence in the form of handwritten statements concerning complaints about his job performance from other workers.  Bryant takes issue with the fact that the people who wrote the statements are not listed as witnesses.  Plaintiff contends that the records do not meet any of the hearsay exceptions in Federal Rule of Evidence 803.  Furthermore, he claims that this evidence is irrelevant, even for the purpose of assessing his credibility.  North Bank opposes the motion, arguing that the employment records fit within the business records exception to hearsay and that they are probative on the issue of Bryant's credibility.

Federal Rule of Evidence 802 provides that "[h]earsay is not admissible" subject to certain exceptions outlined in the Federal Rules of Evidence or proscribed by the Supreme Court.  Hearsay is an out of court statement offered for the truth of the matter asserted.  FED. R. EVID. 801(c).  However, there are certain exceptions to the hearsay rule provided in Federal Rules of Evidence 803 and 804.  Under Federal Rule of Evidence 803(6) business records that are kept in the ordinary course of business and are made at or near the time by, or from information provided by, a person with knowledge are admissible, if they are verified by the testimony of the records custodian or another qualified witness.

The district court has broad discretion in ascertaining whether a proper foundation has been laid for admitting business records.  *United States v. Patterson*, 644 F.2d 890, 900-01 (1st Cir. 1981); *Rosenberg v. Collins*, 624 F.2d 659, 665 (5th Cir. 1980).  To be admissible under Rule 803(6), the documents must: (1) be kept pursuant to some routine procedure designed to assure

their accuracy; (2) be created for motives that would tend to assure accuracy (preparation for litigation, for example, is not such a motive); and (3) must not themselves be mere accumulations of hearsay or uninformed opinion. *Rosenberg*, 624 F.2d at 665 (quoting *United States v. Frendley*, 522 F.2d 181, 184 (5th Cir. 1975)).

This foundation must be established by the testimony of either the custodian of the records or some other qualified person. FED. R. EVID. 803(6). Any person in a position to attest to the authenticity of the records is competent to lay the foundation for admissibility. *Wilson v. Zapata Off-Shore Company*, 939 F.2d 260, 272 (5th Cir. 1991). This person does not have to be the preparer of the record and he does not have to personally attest to the accuracy of the information contained in the records. *Id.* (citing *Rosenberg*, 624 F.2d at 665). It is reasonable to use an affidavit to satisfy the business records exception rather that subpoena a custodian of the records. *Maiz v. Virani*, 2000 WL 34200775 (N.D.Tex.) (citing *Wilson*, 939 F.2d at 260).

Here, Bryant contests the admissibility of his employment records by claiming that they are hearsay. He is correct that these records fit the definition of hearsay provided in Rule 801(c). However, these records may fall under the business records exception of Rule 803(6). To do so, they must be properly authenticated. North Bank provides affidavits, which state that the personnel records are "true, correct, and complete" and "kept in the regular course of business." This language is sufficient to satisfy the requirements of Rule 803(6). See, *Wilson*, 939 F.2d at 727; *Martinez v. Albertsons, Store # 907*, 1999 WL 1481909 (D.N.M.).

However, in order to fully satisfy the requirements for admissibility the affiants must be qualified to lay the foundation. North Bank is attempting to introduce Bryant's personnel records from Acadian, Omega and APC. The affiants are: (1) a human resources manager at

8

Acadian; (2) a personnel manager at Omega; and (3) a payroll manager at APC.  These affiants all hold management positions in the human resources departments of their respective companies.  A company's human resources department is typically responsible for maintaining personnel records.  Therefore, the Court finds that these affiants are qualified to authenticate the records.

Bryant also claims that the personnel records are inadmissible hearsay because they contain hearsay evidence in the form of handwritten statements concerning complaints about his job performance made by other workers.  Hearsay within hearsay in the context of business records occurs when the record is prepared by an employee with information supplied by another person.  *Wilson*, 939 F.2d at 271.  However, Rule 803(6) excuses the multiple hearsay if both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business.  *Wilson*, 939 F.2d at 271 (citing *United States v. Baker*, 693 F.2d 183 , 188 (D.C. Cir. 1982)).  Here, the hand written statements in the employment records were prepared by supervisors within the companies or by the plaintiff himself.  These statements consist of reports on Bryant's performance and one is his employment application for APC.  Thus, the documents were prepared in the regular course of business by the recorder.  The employment records are and are admissible under Rule 803(6).

Alternatively, Bryant asserts that the prejudice of the records outweighs their probabtive value and thus the employment records are not admissible under Rule 403.  The Court disagrees.  These records are relevant as to Bryant's credibility.  His employment record at Acadian shows that he was dismissed because of attendance problems.  However, in his employment application for APC, Bryant says that he left Acadian because the "work [was] slow."  This discrepancy is

probative on the issue of his credibility and is thus admissible under Rule 403.

### 4. NORTH BANK'S MOTION TO STRIKE EX PARTE DEPOSITION TESTIMONY OF DR. JOHN COBB AND FOR PROTECTIVE ORDER

North Bank has filed a Motion to Strike Ex Parte Deposition Testimony of Dr. John Cobb and for Protective Order. However, at a telephone status conference that was held on November 8, 2006, in which Alan Breaud, North Bank's counsel, and Kristi Post, Bryant's counsel, participated, North Bank withdrew this motion.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that North Bank's Motion in Limine to exclude the photographs is hereby **GRANTED**.

IT IS FURTHER ORDERED that Bryant's Motion in Limine to exclude interrogatory number 12 and his response thereto is hereby **GRANTED**.

IT IS FURTHER ORDERED that Bryant's Motion in Limine to exclude his prior employment record is hereby **DENIED**.

IT IS FURTHER ORDERED that, in light North Bank's voluntary withdrawal of its objection, North Bank's Motion to Strike Ex Parte Deposition Testimony of Dr. John Cobb and for Protective Order is hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 9th day of November, 2006

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE