FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 NOV 14 PM 2:54
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEROME BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3077** |
| **NORTH BANK TOWING CORPORATION** | **SECTION: "C"** |

# JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. You have heard the closing arguments of the attorneys.

Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.



___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc No.___

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do

something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with

any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of such a witness, you may consider any bias of the witness, including any bias you may infer from evidence that the witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as a witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice or sympathy play any

part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

In this case, the plaintiff, Jerome Bryant, seeks money damages for injuries that he allegedly received aboard the M/V MISS PATRICIA, while working as a seaman, on July 13, 2005. Mr. Bryant alleges that the defendants, North Bank Towing Corporation, Odyssea Vessels, Inc., and Odyssea Marine Group, LLC are liable for his alleged damages under the Jones Act and general maritime law.

The defendants, North Bank Towing Corporation, Odyssea Vessels, Inc., and Odyssea Marine Group, LLC, deny the plaintiff's allegations. They claim that Mr. Bryant did not sustain an accident or injury aboard the M/V MISS PATRICIA on July 13, 2005, or, alternatively, that Bryant was solely or comparatively negligent in causing the accident.

The plaintiff, Jerome Bryant, a seaman, is asserting three separate claims against the defendant in this case. If the proof fails to establish any

essential part of any of the plaintiff's claims by a preponderance of the evidence, you should find for the defendant as to that claim.

The plaintiff's first claim, under a federal law known as the Jones Act, is that his employer, Odyssea Marine Group, LLC, was negligent, and that Odyssea Marine Group's negligence was a cause of his injuries. The plaintiff's second claim is that unseaworthiness of a vessel, the M/V MISS PATRICIA, caused his injury. The plaintiff's third claim is for Maintenance and Cure.

You must consider each of these claims separately. The plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

Under the Jones Act, the plaintiff Jerome Bryant must prove that his employer was negligent. Negligence

is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if the employer's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him with a reasonably safe

place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his employment.

The plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the defendant's vessel, the M/V MISS PATRICIA.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or

fault or blame. If an owner does not provide a seaworthy vessel - a vessel that is reasonably fit for its intended use - no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the vessel was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the

shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the plaintiff on the claim of unseaworthiness.

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a

cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part or was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

The defendants contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiff was contributorily negligent. If the plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work

environment, but also his own experience, training and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendant was negligent or the vessel was unseaworthy, and that the negligence or unseaworthiness was a proximate or legal cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence that you assign to the plaintiff.

If you find that the defendant is liable, you must award the amount you find by a preponderance of the

evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages - what the law calls compensatory damages - that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: past physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past mental anguish and feelings of economic insecurity caused by disability; past medical expenses;

past income loss.

The parties have agreed, or stipulated that the plaintiff is not seeking damages for a period after July 1, 2006, when he returned to work. Furthermore, they have stipulated that one year of lost wages for the plaintiff would be $20,000, if you find such damages appropriate. This means that both sides agree that this is a fact. You must therefore treat this fact as having been proved.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

The plaintiff's third claim is that, as a seaman, he is entitled to recover Maintenance and Cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims of the plaintiff. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and Cure is a seaman's remedy. Plaintiff is a seaman; thus you must determine whether he is entitled to maintenance and cure.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful

misbehavior on his part. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.

Maintenance is the cost of food and lodging.

If you find that the plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period of time. That is because the plaintiff may not recover twice for the same loss of wages or medical expenses. However, the plaintiff may also be entitled to an award of damages for failure to pay maintenance and cure when it was due.

A shipowner who has received a claim for

maintenance and cure is entitled to investigate the claim. However, if after investigating the claim, the shipowner unreasonably rejects the claim for maintenance and cure, he is liable for both the maintenance and cure payments he should have made, and any compensatory damages caused by his unreasonable failure to pay.

Thus, you may award compensatory damages because the shipowner failed to provide maintenance and cure if you find by a preponderance of the evidence that:

1. The plaintiff was entitled to maintenance and cure;

2. It was not provided;

3. The defendant acted unreasonably in failing to provide maintenance and cure; and

4. The failure to provide the maintenance and cure resulted in some injury to the plaintiff.

If you also find that the shipowner's failure to pay maintenance and cure was not only unreasonable, but was willful, that is, with the deliberate intent to do so, you may find that award the plaintiff is entitled

to attorney's fees. If you so find, the Court will determine the amount of attorney's fees.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the court has admitted into evidence. Select your foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the

court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise. You may now retire to the jury room to conduct your deliberations.