UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEROME BRYANT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3077** |
| **NORTH BANK TOWING CORP.** | **SECTION: "C"** |

## ORDER AND REASONS

Before the Court is a Rule 59 Motion to Amend Judgment or, Alternatively, for a New Trial filed by the plaintiff, Jerome Bryant ("Bryant") (Rec. Doc. 105). Defendant, North Bank Towing Corporation ("North Bank") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that Bryant's Motion to Amend Judgment or, Alternatively, for New Trial is **DENIED**.

**I. BACKGROUND**

A jury trial was held from November 13 to November 14, 2006. The issues at trial were whether Bryant had an accident and sustained an injury on North Bank's vessel so as to make North Bank liable for Jones Act negligence and maintenance and cure.

The jury retired with a verdict form which contained twelve interrogatories. During their deliberations, the jury sent out three questions regarding that form. First they asked, "[i]f we answer question #1 yes[,] [i]s there automatic monetary award for Maintenance and Cure or any

other award?"[1]  The Court answered "[y]es."[2]  Then the jury asked, "[i]f we answer yes to question #1 and no to question #7, does [the] plaintiff receive any money?"  The Court responded that if the jury answered number one yes, that they had to answer yes to number seven and the plaintiff would be entitled to maintenance and cure.

A little while later, the jury asked a third question.  This time the jury asked, "[i]f we say yes there was a slip and fall and no injury to plaintiff[,] is that an accident as identified in number one, what is the definition of accident?"  The Court determined that the jury interrogatories were confusing and decided to amend them accordingly.  As a result, the Court added Interroagotory number "1(a)". which asked, "[d]o you find from a preponderance of the evidence that the plaintiff was injured as a result of the accident aboard the M/V MISS PATRICIA on or about July 13, 2005?"  The jury then returned a verdict in which they answered number "1" in the affirmative and number "1(a)" in the negative.  Thus, they found that Bryant had an accident aboard the M/V MISS PATRICIA on or about July 13, 2005, but that he did not sustain any injury from that accident.  The Court entered a judgment in favor of North Bank on November 15, 2006, dismissing all of Bryant's claims.

Bryant now moves for an amended judgment or, alternatively, for a new trial.  He asserts that the Court abused its discretion by amending the jury interrogatories.  Furthermore, he argues that the verdict was inconsistent.  He asserts that  the jury could not find that he had an accident,

---

[1] Question "1" of the Jury Interrogatories read: "Do you find from a preponderance of the evidence that the plaintiff sustained an accident aboard the M/V MISS PATRICIA on or about July 13, 2005?"  See, Rec. Doc. 102.

[2] Each time the jury asked a question the Court conversed with the attorneys for both sides to reach an agreeable answer before submitting its response to the jury.

but was not entitled to maintenance and cure.

**II. ANALYSIS**

Under Federal Rule of Civil Procedure 59(a), a motion for new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Those grounds include verdicts which are against the weight of the evidence, verdicts that are too large or too small, newly discovered evidence, misconduct of counsel or the court or misconduct affecting the jury. *Smith v. Transworld Drilling Co.,* 773 F.2d 610 (5th Cir. 1985); C. Wright, A Miller & M. Kane, *11 Federal Practice & Procedure, § 2805, et. seq.* (West 1995).

Here, Bryant argues that the Court committed reversal error by amending the Jury Interrogatories and resubmitting them to the jury. Bryant asserts that the proper course of action would have been to either define accident for the jury or refer the jury to the Jury Charges. According to Bryant, the amendment to the interrogatories permitted the jury to render an inconsistent and irreconcilable verdict.

The Federal Rules of Civil Procedure give the Court broad discretion to amend the Jury Interrogatories to resolve the jury's confusion. The Fifth Circuit has found that Rule 49(a) permits the court to resubmit amended jury interrogatories to the jury for their consideration. See, *Nance v. Gulf Oil Corp.*, 817 F.2d 1176 (5th Cir. 1987).

In this case, the jury's questions clearly showed that they were confused by the Jury Interrogatories. The original Jury Interrogatories were incomplete because they did not ask whether Bryant sustained an injury. Whether or not Bryant sustained an injury was central to

this case.  Thus, by amending the interrogatories, the Court was simply correcting its own mistake in order to resolve the jury's confusion.  There was no abuse of discretion.

Furthermore, the jury's finding that there was an accident, but no injury and, as a result, Bryant was not entitled to maintenance and cure is not inconsistent or irreconcilable.  A seaman is entitled to maintenance and cure if he is injured or falls ill in the service of the vessel. *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987).  There is no case law which states that a seaman is entitled to maintenance and cure if he has an accident in the service of the vessel without sustaining an injury.  Thus, the jury's verdict that Bryant had an accident, but did not sustain an injury is consistent with their denial of a maintenance and cure award.

Bryant also argues that the jury's finding that he did not sustain an injury was against the weight of the evidence.  According to Bryant, the jury had to find that he sustained an injury because North Bank did not present medical testimony to support that he had no injury.  Bryant complains that the jury was "inflamed" by credibility evidence and refused to award him monetary relief on that basis.

The Court disagrees with Bryant's assessment of the evidence.  The jury's verdict was sufficiently supported by the evidence.  Both Dr. Seltzer and Mr. Lemaire, a nurse practitioner, testified that they did not find any physical signs of injury to support Bryant's subjective complaints. This case hinged on credibility.  Thus, it was within the Court's discretion to allow evidence which pertained to Bryant's credibility. It is obvious that the jury did not find Bryant to be a credible witness and did not believe his complaints of injury.  The jury simply chose to believe the medical professional who testified that they did not see any objective physical signs of injury rather than Bryant's subjective complaints.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Bryant's Rule 59 Motion to Amend Judgment or, Alternatively, for a New Trial is **DENIED**.

New Orleans, Louisiana this 22nd day of December, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE